Jose Luis FALERO, Plaintiff,
Appellant,

v.

Helen NUNCI, et al., Defendants,
Appellees.

No. 04–1114.

United States Court of Appeals,
First Circuit.

Sept. 16, 2004.

Jose Luis Falero on brief pro se.

H.S. Garcia, United States Attorney, Jose M. Pizarro–Zayas, Acting Chief, Miguel Fernandez, Assistant U.S. Attorney, and Fidel A. Sevillano del Rio, Assistant U.S. Attorney on brief for appellees.

Before BOUDIN, Chief Judge, TORRUELLA and LYNCH, Circuit Judges.

PER CURIAM.

After a thorough review of the record, including the exhibits and the transcript from the evidentiary hearing held below, along with the parties' submissions, we affirm.

The lower court properly rejected the claim that the 90–day period of limitations in 29 C.F.R. § 1614.407(c) should have been equitably tolled due to an alleged mental disability. The court applied the proper legal standard to the question of whether principles of equitable tolling should apply, *see Niehoff v. Maynard*, 299 F.3d 41, 47 (1st Cir.2002); and we review the court's factual conclusions for clear error only. *Id.* The evidence presented showed that appellant, Jose Luis Falero ("Falero"), had maintained his employment during the three-year period following issuance of the EEOC's final administrative decision. Falero's psychiatrist did not observe or treat him during stretches of time lasting as long as three months during the

relevant three-year period; so there was no evidence to show Falero was mentally disabled during those times. A written report in the record shows that Falero's psychiatrist observed him in early 2000, at which time the psychiatrist reported that Falero's condition had improved and been stabilized for the previous three months. Given all of this, we find no clear error in the district court's conclusion that Falero's mental disability was not so severe that he was "unable to engage in rational thought and deliberate decision making sufficient to pursue [his] claim" throughout the three-year period following issuance of the final administrative decision. *See Melendez–Arroyo v. Cutler–Hammer de P.R. Co., Inc.,* 273 F.3d 30, 37 (1st Cir.2001).

Falero's claim that Judge Fusté should have recused himself is reviewed only for plain error, as it is raised here for the first time. *See United States v. Cruz–Mercado,* 360 F.3d 30, 36 (1st Cir.2004). Falero does not point to anything in the record indicating that Judge Fusté was biased or prejudiced, and we see no such indicators. Falero's claim that his attorney did not do an adequate job of gathering the evidence in support of the equitable tolling claim is not before us and is not properly considered in the context of the underlying substantive case.

*Affirmed. See* 1st Cir. 27(c).